UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-2492

SULTAN KHAN BLOUCH,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals. (A78-586-784)

Submitted:  June 9, 2004                Decided:  June 29, 2004

Before NIEMEYER and WILLIAMS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Petition denied by unpublished per curiam opinion.

Robert M. Burlington, Fairfax, Virginia, for Petitioner.  Peter D.
Keisler, Assistant Attorney General, David V. Bernal, Assistant
Director, Andrew C. MacLachlan, OFFICE OF IMMIGRATION LITIGATION,
Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Sultan Khan Blouch, a native and citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming, without opinion, the immigration judge's order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture.

In his petition for review, Blouch raises challenges to the immigration judge's determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Blouch fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks.

Additionally, we uphold the immigration judge's denial of Blouch's request for withholding of removal. The standard for withholding of removal is more stringent than that for granting asylum. Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999). To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution." INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987). Because Blouch fails to show that he is

eligible for asylum, he cannot meet the higher standard for withholding of removal.

We also find that Blouch fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2003). We find that Blouch has failed to make the requisite showing.

Finally, to the extent that Blouch claims that the Board's use of the summary affirmance procedure as set forth in 8 C.F.R. § 1003.1(e)(4) (2003) violated his rights under the Due Process Clause, we find that this claim is squarely foreclosed by our recent decision in Blanco de Belbruno v. Ashcroft, 362 F.3d 272 (4th Cir. 2004).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

- 3 -